IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAWN FLORES, et al.,

            Plaintiffs,

v.                                    CIVIL ACTION NO.  2:12-cv-01804

ETHICON, INC., et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiffs, Dawn Flores & Alfred Flores' Request for Reconsideration and Reinstatement of this Action to the Court's Docket. [Docket 43]. The plaintiffs seek reconsideration of my May 20, 2013, Order granting, in part, Ethicon, Inc.'s ("Ethicon") motion to dismiss, and dismissing the plaintiffs' case without prejudice for failure to submit a Plaintiff Profile Form ("PPF"). For the reasons discussed below, the plaintiffs' motion is **DENIED**.

**I.    Background**

In this action transferred by the Judicial Panel on Multidistrict Litigation, plaintiffs filed a motion to remand on May 24, 2012, prior to transfer on June 1, 2012. [Docket 13]. The parties responded and replied on June 25, 2012, and June 29, 2012, respectively. [Docket 26, 27]. On December 28, 2012, Ethicon filed a motion to dismiss based on plaintiffs' failure to submit a PPF by December 3, 2012, as required by Pretrial Order ("PTO")  # 17.[1] [Docket 36]. Ethicon sought dismissal with prejudice. Plaintiffs responded on January 7, 2013, and Ethicon replied on

---

[1] PTO # 17 requires the completion of the PPF, which is five pages long, and authorizations.

January 15, 2013. [Docket 38, 39]. On April 4, 2013, I entered a Memorandum Opinion and Order denying the plaintiffs' motion to remand, and on April 10, 2013, the Memorandum Opinion and Order was vacated and a new one entered to correct a minor typographical error. [Docket 40, 41]. On May 20, 2013, I granted Ethicon's motion to dismiss in part to the extent Ethicon sought dismissal, but denied the remaining relief sought by Ethicon, i.e., dismissal with prejudice. (Order [Docket 42]). In that Order I stated:

> I find Ethicon's arguments persuasive insofar as it argues that submission of the PPF would have been a defensive act plaintiffs should have undertaken to protect their rights in federal court. I note that since my ruling denying plaintiffs' motion to remand, plaintiffs have provided no indication that they have served the PPF. I further find that Ethicon has not provided sufficient support to dismiss this action with prejudice.

(*Id.* at 1-2).

Within hours of my May 20, 2013, Order dismissing plaintiffs' case, plaintiffs served a Plaintiff Fact Sheet ("PFS").[2] (Ethicon's Resp. in Opp'n to Pls.' Request for Recon. and Reinstmt. of this Action [Docket 44], p. 2 n.1). On May 29, 2013, plaintiffs filed the instant motion with a request for an expedited hearing.

## II. Legal Standard

The Fourth Circuit has recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment." *Id.* "Similarly, if a party relies on newly discovered evidence in its Rule 59(e)

---

[2] The PFS is a twenty-six page document that seeks in depth information and in addition, requires the completion of several authorizations. Not all plaintiffs must complete a PFS, only those chosen for the Discovery Pool. (*See* PTO Order # 33).

motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal quotations marks omitted) (quoting *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996)). Finally, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).

### III. Discussion

The plaintiffs argue that (1) there is newly available evidence; (2) my acceptance of Ethicon's legal arguments in support of its motion to dismiss was erroneous; and (3) dismissing their action would amount to manifest injustice.

#### A. *Newly Available Evidence*

The plaintiffs first argue that there is newly available evidence because they "have tirelessly worked to complete the PFS and submit extensive responsive documents." (Pls., Dawn Flores & Alfred Flores' Request for Reconsideration & Reinstatement of this Action to the Court's Docket [Docket 43], at 4) [hereinafter Pls.' Mot.]. In short, the plaintiffs argue that Ethicon has received "newly available evidence" from the plaintiffs. (*See* Pls., Dawn Flores & Alfred Flores' Reply to Def., Ethicon's Resp. in Opp'n to Pl.'s Request for Reconsideration & Reinstatement of this Action [Docket 45], at 3) ("Specifically, (1) New information has been provided to ETHICON . . . .") [hereinafter Pls.' Reply].

A party seeking reconsideration on the basis of newly discovered evidence must demonstrate that "(1) the evidence is newly discovered since the judgment was entered." *Boryan v. United States*, 884 F.2d 767, 771 (1987) (quoting *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987)). The Fourth Circuit has made it clear that "in order to support a motion for reconsideration, the movant is *obliged* to show not only that this evidence was newly discovered

3

or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing." *Id.* (emphasis in original) (quoting *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985)). "Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law." *Id.*

First, the plaintiffs appear to misunderstand the "newly discovered evidence" requirement of Rule 59(e). The question is not whether Ethicon has received newly discovered evidence, but rather, whether the plaintiffs have any newly discovered evidence to justify reconsideration of the Order granting Ethicon's motion to dismiss. Second, the plaintiffs fail to respond to Ethicon's argument, and fail to provide any support, that they could not have discovered and produced a PPF before I granted Ethicon's motion to dismiss on the basis of plaintiffs' failure to produce the PPF. Any evidence about the plaintiffs necessary for purposes of submitting a PPF (or PFS for that matter) would be in the plaintiffs' possession and could with reasonable diligence have been discovered and produced prior to my Order granting the motion to dismiss in part.[3] The plaintiffs' only argument is they decided not to provide a PPF because their motion to remand was still pending. I will address that argument below.

Accordingly, the plaintiffs have not shown any justification for granting their motion for reconsideration on the basis of newly discovered evidence.

B. *Clear Error of Law*

In my May 20, 2013 Order, I stated that "I find Ethicon's arguments persuasive insofar as it argues that submission of the PPF would have been a defensive act plaintiffs should have undertaken to protect their rights in federal court." (Order [Docket 42], at 2). The plaintiffs argue

---

[3] Indeed, the fact that the plaintiffs provided a PFS the same day I ruled on Ethicon's motion to dismiss indicates that such information was readily discoverable and producible.

4

that this was erroneous because the cases cited by Ethicon are inapposite. (*See* Ethicon's Reply in Supp. of its Mot. to Dismiss [Docket 39], at 1-3) (citing to *Lanier v. Am. Bd. Endodontics*, 843 F.2d 901, 904 (6th Cir. 1988) and *Allen v. J.K. Harris & Co., LLC*, No. 05-MC-74, 2005 WL 2902497, at *2 (E.D. Pa. Nov. 2, 2005)). Ethicon argues that the plaintiffs are merely raising "arguments which could have been raised prior to the issuance of the judgment." *Pac. Ins. Co.*, 148 F.3d at 403. The plaintiffs respond by arguing that (1) the instant motion is the plaintiffs' first opportunity to address the cases cited by Ethicon and (2) the plaintiffs had "no reason to know, or even anticipate, that this Court might be persuaded that the filing of a PPF would be considered a *defensive act* as opposed to an *affirmative act*." (Pls.' Reply [Docket 45], at 4-5) (emphasis in original).

Notwithstanding the fact that the plaintiffs could have moved to file a surreply addressing Ethicon's arguments, there is simply no "clear error of law" as required by the standard set forth for Rule 59(e) motions. The plaintiffs note that had they served a PPF before I ruled on their motion to remand, Ethicon would have argued that the plaintiffs waived their right to seek remand. This may very well be true, but it was a strategic decision made by the plaintiffs to not serve a PPF.

After considering the plaintiffs' arguments regarding *Lanier* and *Allen*, I remain persuaded by Ethicon's arguments on this issue. In *Allen*, the plaintiff filed a motion to withdraw the reference from the bankruptcy court, filed a response to the defendant's motion for summary judgment, and used the federal court system to subpoena certain individuals, all before filing a motion to remand. 2005 WL 2902497, at *1. The defendant argued that by performing these actions, the plaintiff engaged in "affirmative activity" in federal court and therefore consented to federal jurisdiction and waived her right to seek remand. *Id.* at *1-2. The court disagreed,

5

concluding that "the actions taken by [the plaintiff] did not act as a waiver of her right" to seek remand: they were simply "defensive actions" taken to preserve certain rights without constituting consent to federal jurisdiction. *Id.* at \*2.

In the instant matter, PTO # 17 specifically states that "[i]f a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to . . . deficiency cure procedures." (Pretrial Order # 17, No. 2:12-md-02327 [Docket 281], at 4). After plaintiffs did not submit a timely PPF, Ethicon did just that and plaintiffs responded, stating that they had no objection to complying with the concerns raised in the moving papers conditioned upon the court issuing an order clearly indicating that any compliance with PTO # 17 shall not be taken as any kind of affirmative activity which may affect any right plaintiffs maintain in seeking to remand this action to state court. (Pls., Dawn Flores & Alfred Flores' Opp'n to Def. Ethicon's Mot. to Dismiss [Docket 38], at 4).

The plaintiffs in this case could have submitted a PPF as a defensive action and preserved their case from being dismissed for failure to submit a PPF without consenting to federal jurisdiction. The plaintiffs may have believed that they were stuck with the decision to either: (1) not submit a PPF and risk their case being dismissed for failure to submit one or (2) submit a PPF and risk waiving their right to seek remand. Not submitting a PPF was a strategic decision made by the plaintiffs. Plaintiffs also made the strategic decision not to serve a PPF once I denied the motion to remand when there no longer was any reason for concern about submitting to this court's jurisdiction. Moreover and more importantly, the plaintiffs have simply

6

cited no authority that being persuaded by *Allen* is a clear error of law.[4]

Accordingly, the plaintiffs have not shown any justification for granting their motion for reconsideration on the basis of correcting a clear error of law.

### C. *Manifest Injustice*

Finally, the plaintiffs argue that there would be manifest injustice because (1) Ms. Flores "has incurred continuous and ongoing pain since the insertion of Defendant's product into her pelvic cavity" and (2) despite my granting *without prejudice* of Ethicon's motion to dismiss, the end result may nonetheless be that the plaintiffs' claims are barred under a statute of limitations defense if they re-filed their lawsuit. (Pls.' Mot. [Docket 43], at 8-9). The plaintiffs further repeat their primary complaint that their motion to remand was still pending when the PPF deadline passed.

In short, *Robinson v. Wix Filtration Corp. LLC* is on point.[5] 599 F.3d 403 (4th Cir. 2010). As discussed above, the plaintiffs in this case made a strategic decision not to submit a PPF because they would then be in the position of arguing that they had not waived their right to seek remand. Moreover, pursuant to PTO # 17, the deadline for the plaintiffs' PPF in this case was December 3, 2012. I ruled on the plaintiffs' motion to remand on April 4, 2013, and revised that Order on April 10, 2013. Rather than serving a PPF, a short and fairly simple document to

---

[4] The plaintiffs argue that the cases cited by Ethicon in its motion to dismiss are inapplicable because they are factually distinguishable. The plaintiffs make no attempt, however, to argue that the *legal standards* for which Ethicon relied upon in those cases are inapplicable. *See, e.g.*, *Holdren v. Poncove, Inc.*, No. 5:07-cv-00488, 2008 WL 4950146, at *1 (S.D. W. Va. Nov. 18, 2008) (cited for the legal standard that "[a] trial court has broad discretion in applying sanctions under Rule 37"). The plaintiffs also fail to legally distinguish *Rabb v. Amatex Corp.*, in which the Fourth Circuit held that "full awareness of and utter disregard for the district court's discovery timetable set forth in" a pre-trial warranted preclusion of evidence, even if such preclusion is tantamount to a dismissal. 769 F.2d 996, 1000 (4th Cir. 1985).

[5] The plaintiff argues that contrary to *Robinson*, "no one is claiming that Plaintiffs failed to file a Summary Judgment Opposition due to a dysfunctional computer." (Pls.' Reply [Docket 45], at 6). The plaintiffs distinguish this case factually, but do not address the legal standards and reasoning of the Fourth Circuit, which is that where counsel makes a conscious, strategic choice, he does not subsequently get to "avail himself of discretionary relief from the consequences of that choice." *Robinson*, 599 F.3d at 411.

complete, as soon as the motion to remand was denied, the plaintiffs served a PFS on May 20, 2013, hours after I granted Ethicon's motion to dismiss. Rather than preparing for the possibility that their motion to remand might be denied, it appears that the plaintiffs simply assumed that their motion would be granted, and decided not to do anything until it was too late.[6]

I am cognizant of the fact that the plaintiffs' case might be barred by the applicable statute of limitations. However, if that is the case, it is the result of strategic decisions made by the plaintiffs' counsel. There is no manifest injustice that requires me to reconsider and reinstate this case. Because the plaintiffs have not shown that there was any intervening change in controlling law, that there was newly discovered evidence, that there is a clear error of law that must be corrected, or that there is manifest injustice that must be prevented, their motion is **DENIED**.

### III.    Conclusion

For the reasons discussed above, it is **ORDERED** that the plaintiffs' motion to reconsider and reinstate [Docket 43] is **DENIED**.  It is further **ORDERED** that plaintiffs' request for an expedited hearing is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:      June 18, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[6] Additionally, the plaintiffs' counsel further noted that "[u]ntil the Court denied Plaintiffs' Motion to Remand, Declarant believed this Action should be remanded back to the jurisdiction of the California State Court." (Decl. of Daniel M. Graham [Docket 43], at 11). Apparently, the plaintiffs' counsel decided not to account for the situation where the motion to remand would be denied.